UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| MICHAEL L. RANKHORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:06-CV-53 |
| v. ) | |
| ) | *Mattice / Lee* |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is the joint motion of the parties for a remand of this action to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) [Doc. No. 10]. The parties request a remand on the ground that in preparing the answer to the Plaintiff's complaint, the Office of Disability Adjudication and Review ("ODAR"), discovered that significant portions of the tape recording of the administrative hearing on Plaintiff's claims are inaudible [*id.* at 1-2]. Thus, the ODAR has requested a remand of this matter for a *de novo* hearing on Plaintiff's claims to be held before an administrative law judge [*id.* at 2].

Sentence Six of 42 U.S.C. § 405(g) states in pertinent part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action.

*Taylor v. Commissioner of Social Security*, 43 F. App'x 941, 942-43 (6th Cir. 2002) (quoting 42 U.S.C. § 405(g)). A "sentence six" remand by a district court "does not rule in any way as to the correctness of the administrative determination." *Id.* at 943 (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)). Examples of situations which constitute "good cause" in support of the

Commissioner's motion for a sentence six remand include those situations where the tape recording of the oral administrative hearing is lost, inaudible, or otherwise incapable of transcription. *Farstad v. Barnhart*, No. A4-04-19, 2004 WL 1175701, * 1 (D.N.D. May 25, 2004); *Gambel v. Apfel*, No. CIV. A. 00-646-RV-S, 2001 WL 102344, * 1 (S.D. Ala. Jan. 5, 2001) (citing H.R. Rep. 960944, 96th Cong., 2d Sess. 59 (1980)).

Therefore, I **CONCLUDE** the partes have established "good cause" for a remand of this matter to the Commissioner for further consideration under sentence six of 42 U.S.C. § 405(g). Accordingly, it is **RECOMMENDED**[1]:

(1) The parties' joint motion for a remand of this matter to the Commissioner for further consideration pursuant to sentence six of 42 U.S.C. § 405(g) [Doc. No. 10] be **GRANTED**; and

(2) This matter be remanded to the Commissioner pursuant to Sentence Six of 42 U.S.C. § 405(g) for further consideration; namely, a *de novo* administrative hearing on Plaintiff's claims for social security disability and supplemental security income.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).